UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC, | § § § | |
| Plaintiff, | § § | Civil Action No. 3:12-cv-1652-M |
| v. | § § | |
| BLACKBERRY CORPORATION, | § § | |
| Defendant. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is a Renewed Motion for Partial Judgment on the Pleadings Regarding Willfulness [Docket Entry #361], filed by Defendant BlackBerry Corporation ("BlackBerry"). By its Motion, BlackBerry renews the arguments made in an earlier-filed Motion for Partial Judgment on the Pleadings that (1) Plaintiff Mobile Telecommunications Technologies, LLC ("MTel") has failed to allege any facts demonstrating willful infringement with respect to U.S. Patent 5,581,804 ("the '804 Patent"), U.S. Patent 5,754,946 ("the '946 Patent"), U.S. Patent 5,809,428 ("the '428 Patent"), and U.S. Patent 5,894,506 ("the '506 Patent"); and (2) MTel has failed to allege any facts with respect to BlackBerry's alleged infringement of U.S. Patent 5,559,862 ("the '862 Patent"). For the following reasons, the Motion is granted in part, and denied in part.

BlackBerry's original Motion for Partial Judgment on the Pleadings was fully briefed and argued to the Court at a hearing held on September 24, 2013. Although the Court found that the "pleadings are really thin," it denied the original Motion and directed MTel to file a motion for leave to amend its pleadings after discovery on the issue of willfulness that would comply

with the Local Rules. The Court stated that "if there isn't a motion for leave to amend, then the Court is very likely to throw out any claim for willfulness on the four patents other than the '862." *See* Hrg. Tr. at 15. Discovery has now concluded, and trial is set for July 11, 2016. However, MTel has not sought leave to file an amended complaint. Indeed, MTel's response to BlackBerry's renewed Motion indicates that it has no intention of filing an amended complaint and will proceed on its allegations as pled in the Original Complaint.

BlackBerry's Motion is granted as to the four patents-in-suit other than the '862 Patent. The Original Complaint contains only the barest of conclusory allegations as to the '428, '496, '506, and '804 Patents, and nothing in the pleading alleges that BlackBerry had actual knowledge of any of those patents or its alleged infringement prior to this litigation. The Court previously indicated to MTel that its allegations as to the four patents other than the '862 Patent were not sufficient to state a claim for willful infringement. *See* Hrg. Tr. at 15. The Court granted MTel leave to amend its pleadings after discovery on the issue of willfulness and warned MTel that any failure to move for leave to amend would result in dismissal of the willfulness claims on the four patents other than the '862. *See id.* MTel chose to stand on the allegations in its Original Complaint, which fail to sufficiently allege BlackBerry had any knowledge of the '428, '496, '506, and '804 Patents prior to this litigation. Accordingly, BlackBerry's renewed Motion for Partial Judgment on the Pleadings is granted with respect to MTel's claims for willful infringement of the '428, '496, '506, and '804 Patents. *See Vasudevan Software, Inc. v. TIBCO Software, Inc.*, 2012 WL 1831543, at *3-5 (N.D. Cal. May 18, 2012) (finding that conclusory allegation that defendant had actual knowledge of the patent in suit at least by the date plaintiff filed its initial complaint was insufficient to state a claim for willful infringement).

To the extent MTel's response sets forth facts in an attempt to avoid dismissal, the attempt falls short of saving its claims. The Court has advised MTel that leave to amend would be allowed only through a motion filed in accordance with the Local Rules, which must include a copy of the proposed amendment. MTel has failed to comply with this requirement. Further, the facts set forth in the response do not apply to any particular patent-in-suit. There is no indication that the purported allegations relate to BlackBerry's pre-litigation knowledge of the '428, '496, '506, or '804 Patents.

BlackBerry's Motion is denied with respect to the '862 Patent. The Court advised the parties at the September 24, 2013 hearing that the willful infringement allegations pertaining to the '862 Patent were likely sufficient to survive a motion for judgment on the pleadings. BlackBerry's renewed Motion asks the Court to reconsider the same arguments it made more than two years ago. However, "the bar for pleading willful infringement is not high." *See MobileMedia Ideas LLC v. HTC Corp.*, 2011 WL 4347037, at *2 (E.D. Tex. Sept. 15, 2011). The Federal Circuit has held that a plaintiff "'more than sufficient[ly]' states a claim for willful infringement when he alleges (1) infringement of the patent-in-suit; and (2) pre-filing 'knowledge' of the patent-in-suit by the defendant." *Mitutoyo Corp. v. Cent. Purchasing, LLC*, 499 F.3d 1284, 1290 (Fed. Cir. 2007). Here, Paragraphs 55-60 and 65-66 of MTel's Complaint specifically allege both of these elements with respect to the '862 Patent. Particularly regarding the pre-filing knowledge requirement, MTel's Complaint alleges:

- RIM has knowledge of the '862 Patent as of at least May 9, 2008, when RIM received an Office Action from the United States Patent and Trademark Office in United States Patent Application No. 11/754,552 which identified the '862 Patent. Pl. Compl. at 9, ¶ 55.

- United States Patent Application No. 11/754,552 became US Patent No. 7,489,950 and is currently assigned to RIM. *Id.*, ¶ 56.

- RIM has knowledge of the '862 Patent as of at least May 9, 2008. *Id.* at 10, ¶ 65.

By contrast, with respect to the '428, '496, '506, and '804 Patents, MTel's Complaint only generally alleges that "RIM has knowledge of the Patents-In-Suit *at least at the time of the filing of this action*." *Id.* at 10, ¶ 64 (emphasis added).

BlackBerry argues that Paragraphs 55-60 and 65-66 of MTel's Complaint are insufficient to state a claim with respect to the '862 patent, because the allegations are directed to a non-defendant BlackBerry entity (previously known as Research in Motion *Limited*), which cannot be imputed to the defendant named in this action (previously was known as Research in Motion *Corporation*). BlackBerry's argument is essentially that knowledge of a parent corporation cannot be imputed to a subsidiary unless a sufficient nexus between the entities is shown. However, BlackBerry has not identified any authority that the specific facts establishing that knowledge may be imputed must be alleged in order to avoid dismissal at the pleading stage. In the absence of such authority, dismissal is inappropriate.

BlackBerry also argues that, even if the knowledge allegations could be imputed to the BlackBerry defendant in this case, MTel otherwise fails to plead sufficient facts related to the remaining allegations of willful infringement—that is, facts indicating that BlackBerry (1) acted despite an objectively high likelihood that its actions constituted infringement of the patent; and (2) knew or should have known of this objective risk. Contrary to BlackBerry's assertions, allegations similar to those set forth in the Complaint with respect to the '862 Patent have been held sufficient to withstand dismissal at the pleading stage. *See, e.g., Seoul Laser Dieboard Sys. Co., Ltd. V. Serviform, S.R.L.*, 2013 WL 3761535, at *4 (S.D. Cal. July 16, 2013) (finding the

allegation that defendants "have committed and are committing willful and deliberate patent infringement," when coupled with sufficient notice allegations, properly state a claim for willful infringement). With respect to the '862 Patent, MTel has sufficiently alleged pre-suit knowledge of the patent, infringement, and that such infringement has been willful. The Court therefore denies BlackBerry's renewed Motion for Partial Judgment on the Pleadings with respect to the '862 Patent.

Accordingly, BlackBerry's Renewed Motion for Partial Judgment on the Pleadings Regarding Willfulness [Docket Entry #361] is GRANTED as to the '428, '496, '506, and '804 Patents. The Motion is DENIED as to the '862 Patent.

SO ORDERED.

Dated: April 26, 2016.

*/s/ Barbara M. G. Lynn*
**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**