UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MOBILE TELECOMMUNICATIONS TECHNOLOGIES, LLC, | § § § § | |
| Plaintiff, | § § | Civil Action No. 3:12-cv-1652-M |
| v. | § § | |
| BLACKBERRY CORPORATION, | § § | |
| Defendant. | § § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is a Motion to Strike Untimely Infringement Theories [Docket Entry #356], filed by Defendant BlackBerry Corporation ("BlackBerry"). For the following reasons, BlackBerry's Motion is DENIED.

**Background**

By its Motion, BlackBerry requests the Court strike the following portions of the "Corrected Opening Expert Report of Dr. Harry Bims Regarding Infringement by BlackBerry Corporation" because they allegedly advance infringement theories that Plaintiff Mobile Telecommunications Technologies, LLC ("MTel") never disclosed in its infringement contentions:

- paragraphs 172-178, pertaining to Dr. Bims's summary of opinions regarding infringement;
- paragraphs 293-323, pertaining to the '862 Patent;
- paragraphs 325-364, pertaining to the '804 Patent;
- paragraphs 366-448, pertaining to the '428 Patent;
- paragraphs 451-574, pertaining to the '946 Patent; and
- paragraphs 578-611, pertaining to the '506 Patent.

On April 27, 2016, the Court found the asserted claims of the '428 and '506 Patents invalid under 35 U.S.C. § 101, although this is finding is subject to revision after the parties submit further briefing on the § 101 issue. The Court also found claim 8 of the '862 Patent, the only claim asserted under the '862 Patent, invalid for indefiniteness. BlackBerry's Motion is therefore DENIED as moot with respect to its arguments directed to paragraphs 175, 176, 178, 293-323, 366-448, and 578-611 of Dr. Bims's report.  Also at a hearing held on April 27, 2016, MTel stipulated that it is not pursuing any infringement theory under the doctrine of equivalents, other than with respect to the '946 Patent. BlackBerry's Motion is therefore DENIED as moot with respect to its arguments directed to Dr. Bims's opinions on infringement under the doctrine of equivalents set forth in paragraphs 325-364 of his report.  The Court addresses BlackBerry's arguments regarding the remaining portions of Dr. Bims's report below.

**Legal Standards**

The Northern District's Amended Miscellaneous Order No. 62 requires a party claiming patent infringement to serve on all parties a disclosure of asserted claims and infringement contentions. *See* Misc. Order No. 62 (Nov. 17, 2009), ¶ 3-1. The purpose of this rule is "to require parties to crystallize their theories of the case early in the litigation so as to prevent the shifting sands approach to claim construction." *H-W Techn., L.C. v. Apple, Inc.*, 2012 WL 3650597, at *2 (N.D. Tex. Aug. 2, 2012) (quoting *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1364 (Fed. Cir. 2006). Proper infringement contentions provide notice of the accusing party's specific theories of infringement. *Fast Memory Erase, LLC v. Spansion, Inc.*, 2009 WL 4884091, at *2 (N.D. Tex. Dec. 16, 2009). Such notice streamlines discovery and narrows the issues for claim construction, summary judgment, and trial. *H-W Techn.*, 2012

WL 3650597, at *2; *see also EON Corp. IP Holdings, LLC v. Sensus USA, Inc.*, 2010 WL 346218, at *2 (E.D. Tex. Jan. 21, 2010).

The scope of infringement contentions and expert reports is not coextensive. *See Fenner Investments, Ltd. v. Hewlett–Packard Co.*, 2010 WL 786606, at *2 (E.D. Tex. Feb. 26, 2010). Infringement contentions need not disclose specific evidence; expert reports, on the other hand, must include a complete statement of the expert's opinions, the basis and reasons for those opinions, and any data or other information considered when forming the opinions. *Id.* However, expert reports may not introduce new theories of infringement not previously set forth in a party's infringement contentions. *Id.* The critical question in deciding whether to strike portions of an expert report on infringement is whether the expert has permissibly specified the application of a disclosed theory or impermissibly substituted a new theory altogether. *See Digital Reg of Texas, LLC v. Adobe Sys., Inc.*, 2014 WL 1653131, at *1 (N.D. Cal. Apr. 24, 2014).

**Analysis**

*The '946 Patent*

In his Corrected Opening Expert Report, Dr. Bims generally opines, "BlackBerry infringes the '946 Patent through the operation of the BlackBerry E-mail application, which is preinstalled by BlackBerry on Accused BlackBerry Devices before being sold to customers." Def. App. at 673, ¶ 174. He further opines more specifically that BlackBerry infringes claims 1, 7, and 8 of the '946 Patent through the BlackBerry email application features that allow users to selectively request and receive the retransmission of specified portions of an email message. *Id.* at 764, ¶ 451.

BlackBerry argues that the Court should strike paragraphs 451-574 of Dr. Bims's expert on the ground that his opinions regarding the '946 Patent introduce new theories of infringement. According to BlackBerry, MTel's infringement contentions for the '946 Patent accuse the "Attachment Viewer" feature, which relates to viewing an email attachment on a BlackBerry device. Dr. Bims opines in his report, however, that BlackBerry infringes the '946 Patent through its "Native Attachment Download" feature. BlackBerry contends that the Attachment Viewer feature is different from the Native Attachment Download feature and that MTel's failure to specifically disclose the Native Attachment Download feature as an accused feature was improper.

MTel's infringement contentions do not specifically refer to either the Attachment Viewer Feature or the Native Attachment Download feature. Instead, the infringement contentions describe how attachments to emails are sent, received, and displayed on a BlackBerry device and how a BlackBerry user chooses to download an attachment. To the extent Dr. Bims's opinions specifically accuse the Native Attachment Download feature, his opinions do not constitute new theories; they simply provide evidence and explanation consistent with the general theory expressed in MTel's infringement contentions.

Blackberry further argues that Dr. Bims's opinion concerning "errors" is a new opinion that should be stricken. Specifically, Dr. Bims opines that the accused BlackBerry devices infringe the '946 Patent because, among other things, they allow a user to request retransmission of a message that contains an error. *See* Def. App. at 767-769. In Dr. Bims's opinion, an error occurs when a BlackBerry device fails to receive a full message, "regardless of whether such failure was intentional." *Id.* at 769, ¶ 463. BlackBerry contends that this opinion is

4

absent from MTel's infringement contentions and that MTel's only error theory has nothing to do with intentionally withholding an email attachment at the network.

MTel's infringement contentions accused as infringing the way BlackBerry's devices delivered email attachments. Dr. Bims's opinion specifies how the application of MTel's theory applies in light of the Court's Final Claim Construction and the discovery MTel received. His opinion does not impermissibly substitute a new theory. To the extent BlackBerry challenges the merits of the opinion that intentional withholding of an attachment cannot constitute an "error," that issue is, in the Court's view, not properly resolved at this stage of the proceedings. BlackBerry's Motion to Strike paragraphs 174 and 451-574 of Dr. Bims's expert report is DENIED.

*The '804 Patent*

Dr. Bims opines that BlackBerry infringes claim 5 of the '804 Patent when an accused BlackBerry device switches from a cellular connection to a wi-fi connection. Def. App. at 673, ¶ 177 According to Dr. Bims, an accused BlackBerry device, upon returning to coverage, will transmit a message to a collection of software components running on BlackBerry servers—known as "Relay"—informing Relay that the device is in coverage. *Id.* at 723-24, ¶ 339. Relay controls the communication of messages between the BlackBerry communications network and BlackBerry devices and routes messages to and from BlackBerry devices across a variety of carriers and radio technologies. *Id.* at 720, ¶ 329. The initial registration messages between a BlackBerry device and the network are sometimes called a "handshake." *Id.* at 704, ¶ 274. If Relay receives the message that the device is in coverage through Mobile Datagram Protocol ("MDP") networking equipment, Relay is thereby informed that the device is connected through a cellular connection, and

is located on a cellular network. *Id.* An accused BlackBerry device also may transmit a registration signal through the Relay Client Protocol ("RCP") that registers the location of the device with Relay. *Id.* at 724, ¶ 340. The device initiates an RCP connection by transmitting an initial "CONNECT packet," which includes a PIN number for the device. *Id.* The PIN number is associated with the device's network IP address. *Id.* The CONNECT packet informs Relay of the device's network location and that the device is connected through a wi-fi connection and is on a wi-fi network. *Id.*

BlackBerry argues that MTel did not disclose MDP or RCP in its infringement contentions, and that Dr. Bims's theories regarding the '804 Patent should be stricken because they constitute new infringement theories. BlackBerry specifically objects that MTel did not disclose the MDP "in-coverage" signals, the RCP CONNECT packets, or the RCP "handshaking" protocol. BlackBerry also challenges Dr. Bims's opinions that low-level control message exchanges between an accused device and Relay while an RCP connection is being established satisfies the claim element of "messages successfully delivered," because MTel did not disclose RCP in its infringement contentions.

MTel does not dispute that its infringement contentions generally accuse BlackBerry's messaging infrastructure, without specifically identifying either MDP or RCP. Instead, BlackBerry disclosed these protocols in response to specific discovery requests. MTel contends that Dr. Bims merely used this discovery in his report, without altering the disclosed theory of infringement. Expert reports may include information obtained during discovery, including information outside the specific confines of the infringement contentions, without altering the disclosed theory of infringement. *Digital Reg of Texas*, 2014 WL 173409, at *5. In this case, Dr. Bims refined his opinions based

6

on the discovery produced, but did not materially change the infringement theory. Accordingly, BlackBerry's Motion to Strike paragraphs 177, 325-364 574 of Dr. Bims's expert report is DENIED.

## Conclusion

BlackBerry's Motion to Strike Untimely Infringement Theories from MTel's Opening Expert Report Dr. Bims [Docket Entry #356] is DENIED.

SO ORDERED.

Dated: May 17, 2016.

_____
BARBARA M. G. LYNN
CHIEF JUDGE